case number 19-3060 United States of America v. Rodney Davis appellant. Ms. Ernest for the appellant, Mr. McGovern for the appellate. Good morning. Good morning, Your Honor. I will reserve three minutes of my time. May it please the court. My name is Robin Ernest and I represent appellant Rodney Davis in this appeal. Ms. Davis appeals her plea and sentencing from a single conviction of traveling to engage in sex with a minor on grounds of ineffectiveness. I'm sorry, I'm having a little trouble hearing you. Could you pull the microphone a little bit closer? Certainly, Your Honor. Is this better? I can also stand closer.  of ineffective assistance of counsel. Specifically, she claims counsel was deficient in advising her to agree to an incorrect statement of law in her plea. That statement was that four additional offense level enhancements applied to her sentence under section 2A3.1b for offenses that involved a minor. To the contrary, the section's plain language, its enhancements applied only to word minor and victim and minor are defined differently. But what Ms. Davis knew and what the record reflects was that her offense did not involve an actual victim. In contrast, because the guidelines define minor to include a fictitious individual under age 18, Ms. Davis knew her offense involved a minor and since minor was the term used in the plea agreement, she signed the agreement. Thus, Davis presents a colorable argument before this court that counsel advised, that had counsel advised her that the plain language reading of section 2A enhancements applied only to victims, not minors. As her agreement read, she would not have agreed to four additional enhancements for her victimless offense. And because the record does not allow this court to conclusively determine that Ms. Davis would have agreed to textually inapplicable enhancements in her plea, remand for an IAC hearing is warranted under U.S. v. Rashad. Ms. Davis saw the pre-sentencing recommendation, pre-sentencing report that you saw the pre-sentence report and that included recommendation of the enhancement and made no objections to that. So that seems in tension with your argument that she was under the impression that she would not have such an enhancement. She did not see the pre-sentencing report until after she signed her plea and had her plea hearing. I know but she could have raised an objection at the sentencing hearing and said I didn't know this was going to happen. She did not. Sorry your honor for the interruption. Relying on her counsel to object or to to legal errors. Her counsel that is correct. He did not object to the court's extra text insertion of fictitious into the plain text of section 2a in order to force the four additional enhancements. Did she speak at sentencing? She only spoke in sentencing and allocution. So after everything had been done. But she had an opportunity at that point to say wait a minute. That if she had known your honor if she she had since the time of arrest she had been detained in in the DC jail. She was in solitary confinement because that's was the treatment at the time for transgender individuals. She did not have access to the guidelines in order to compare the language in her plea with the language in the guidelines in order to be able to determine that in fact the plea agreement misstated the guidelines. That the guidelines in fact did not apply to offenses involving a minor. Which of course was her offense. She was smart enough to know that if the plea agreement had in fact said that the enhancements apply to to offenses involving a victim. She knew that hers was a victimless offense. So she would have. What if she had at this meeting encountered not a not a fictitious child but in fact a super young looking police officer. And then had gotten that super young looking police officer that she thought was a teenage child. I know eight years old probably isn't going to work. Let's just say it's a it's a minor nonetheless. And transported that police officer across state lines for purposes of sexual misconduct. Would there be a victim in that case? So that actually is under a different provision of the guidelines. But the way the guidelines define victim it does include an undercover officer. So if the undercover officer had been posing as. But your textual arguments about victim involving actual crime. Those are the arguments in your brief. Actual harm, physical injury, those types of things would apply just the same. The police officer is just as fictional a victim as the non-corporeal victim in this case. Except for the fact that the commentary for the offense guidelines under section 2a expressly define an undercover officer who is posing as someone who is under age to actually include a victim. So under your hypothetical yes that would be a victim. So so it seems clear that the sentencing commission wanted to capture fictional victims at least if they are police officers. Why would they want to include that fictional victim but not the type of there would no be no actual the the charged conduct would not actually happen. Because in 2004 your honor the commission expressly removed that type of travel offense from out of sentencing under section 2a and provided a lower base offense level for it and provided a separate definition of minor. Minor includes a fictitious individual being offered by an undercover agent for sexual services. But it also can include and as it also can include an undercover officer who themselves is posing as an underage individual being offered for sex. So under the plain text structure of section the travel offense guidelines I will them it's actually section 2g. It allows for the hypothetical your honor that you expressly identify and that would be when there is a victim in a undercover officer posing as an over as an underage child or an actual underage child. Then that would be sentenced more severely under the cross-reference section of 2a 3.1c which was employed here. But because that's not the facts of this case in fact the undercover officer the the court did identify that in other cases there had been the undercover officer had posed as an underage child and in those cases they were sentenced under the 2a 3.1d enhancement sections identified here. I recall correctly at least two other two other circuits have rejected this very argument. How was it and we had not spoken I've not yet spoken. How was it how how explain to me how that can meet the Strickland standard given that the very argument has been rejected in other courts? The circuits that were identified by Apelli the cases that were identified by Kelly which took a extra textual interpretation were cases which were adjudicating a sentence prior to the 2004 amendment. So there was not the new offense travel offense guidelines had not been created. So at that time the only route for sentencing a travel offense which is what Ms. Davis was convicted of was through section 2a. So what they did in that in those cases was they looked to the intent of to to sorry that section deals mainly with it's titled sex abuse and attempted sex abuse. So those cases look to the general intent of those guidelines which was they felt to punish sex abuse and attempted sex abuse the same and that's one of the reasons for that that the commission in 2004 moved out travel offenses because in those instances you don't necessarily have an actual victim. You have and use the definition of minor which is what Ms. Davis was convicted of traveling for illicit sex with a minor as defined differently from victim. So because there is this unclear language in the plea agreement that she read that she thinks now the enhancements are applicable to her case because it uses the language minor as opposed to the actual language in the guidelines which is victim she signs the plea agreement. She's not told she's not told otherwise and her counsel doesn't object to the extra text reading of fictitious into those guide into the exact guideline language in order to force application of the enhancements under Section 2A which would not otherwise be applicable because they only deal with victims and if I can just answer your sort of out of circuit question if I could expand about that your honor. Very quickly because you're over your thank you your honor. The cases of U.S. versus Winstead and U.S. versus Glover from this court both have said that for outer circuit cases that take an interpretation of a statute or guidelines that's contrary to the plain text that this court is not bound by their the reasoning and especially in instances where as here appellee does not address the textualist argument as to why it on itself would be wrong then they are not inclined and in U.S. versus Winstead was did not accept as controlling the out of circuit cases. Unless my colleagues have any questions all right thank you very much we'll hear from the government now. Thank you. Good morning may I please the court Michael McGovern on behalf of appellee of the United States. Appellant's sentence should be affirmed because her counsel did not perform efficiently when he took the position that a four-point sentencing enhancement applied given that the child appellant believed she was traveling across state lines to sexually abuse was only eight years old. With respect to the ineffective assistance claim although appellant presents an issue of statutory interpretation that has yet to be decided by this circuit the question before this court today is not whether it would adopt appellant's but whether defense counsel's failure to adopt that interpretation at the time of appellant's plea fell below the wide range of reasonable professional assistance or competence demanded of attorneys in criminal cases. It did not. It was not obvious from the plain text of guidelines 2a 3.1 that the undefined term victim excludes virtual victims that are not real In fact far from being obvious at the time of appellant's plea three circuits the 6th circuit the 10th circuit and the 11th circuit had rejected appellant's arguments. Those circuits look to the fact that victim means a real person in any sort of ordinary use of that term and actually under the guidelines they describe things like 2a 3.1b4 if the victim sustained permanent or life-threatening injury. There's repeated references throughout there to things that could only happen to an actual person. So how do you reconcile guidelines in that sense? Well your honor to the extent that the guidelines involve certain enhancements that could only apply to or live victims those couldn't possibly be applicable to a virtual victim but those guidelines similarly would be inapplicable to victims of attempt crimes and these guidelines were intended to provide the enhancements that were applicable not only to completed crimes but also to a different meaning for victim for attempt crimes rather than completed crimes. Your honor just shows up as one word in the guidelines. I think we have to give it a single meaning. Yes your honor the government's contention is that the meaning of victim is the object of one's criminal conduct and here the object of the criminal conduct of Miss Davis was the virtual victim that was created by the law enforcement officer and that definition would apply to permit the enhancements to be applied to attempt crimes as well as to completed crimes which was clearly in the intent of the sentencing commission and the term victim the definition that appellant has proposed that one has to suffer harm would exclude any type of enhancement for a victim to apply to any attempt crime which is very clearly as the title of the section not was provided. Are there other places in the guidelines you're more familiar with them than I am that use victim refer to fictional victims or is this the only place? Well your honor I will note that in and this is discussed in in the 611th circuit cases that we cite in our brief that the term victim was expansively defined in guideline 283.2. This was at a time prior to the 2004 amendments and at that time in the 2000 amendments to that particular guideline the commission defined victim expansively to include as your honor noted when speaking with appellants counsel undercover officers posing as underage individuals. Those individuals are not real underage individuals rather they're fictitious individuals and the commission was clear that the reason that it was doing this and I'll quote from the language the amendment adds several definitions including clarifying that victim includes an undercover police officer who represents to the perpetrator of the offense that the officer was under the age of 16. This change was made to ensure that offenders who are apprehended in an undercover operation are appropriately punished and so their amendment which clarified and they referred to it as a clarification clarified that victim's definition should include undercover police officers posing as underage individuals was to make sure to clarify that they intended to punish those caught in sting operations which did not involve actual children. Are there other places in the guidelines that use this term victim in this expansive way? Your honor I'm not familiar enough to answer that question authoritatively but I will note that one of the points that appellant makes is that the term would be absurd if it were to be included for the enhancement that a victim was abducted but in fact because these guidelines are punishing the intent of the individual and they're meant to punish the culpability for one's criminal intent rather than the effect of their criminal conduct if the undercover represents I have abducted a child. Not just intent I mean actions to effectuate that intent as well. Correct. It's punishing the combination of intent and actions taken to if someone could sit in the room and intend to do something but what happened here is you had an intent and then steps were taken to effectuate that intent as well. That's correct your honor but as the 6th and 11th circuits noted the the purpose behind these particular enhancements the reason these enhancements are are in are adding time to the criminal punishment is because they are intending to punish the intent of the actor towards the individual's age not the conduct and and again they point to the fact that in COVID crimes are punished in the same way that committed crimes are here and when that's the case when they're intending to punish them in the same way it's because they are focused on the intent of the actor that the criminal culpability arises from the actor's intent. Do the guidelines use the word victim for other inchoate crimes as well? I'm not sure that I can answer that authoritatively your honor I apologize. A defendant traveled across state lines with the intent to engage in a sex act with an individual. It didn't have a specific minor and would that violate 2423b? The question is if the actor traveled with an intent to engage in a sex act with an individual. I can try to be give a more specific hypothetical. Imagine someone lives in D.C. writes in a diary I'm going across state lines in order to find children to have sex with and then crosses state lines and then writes in the diary I've now crossed the state line in order to have sex with children. That person doesn't have a specific child in mind. Is that a violation of 2423b? Your honor I believe that it it would be I believe that it would meet the elements. I haven't specifically looked at that issue whether there would need to be a specific object of the sexual abuse but I believe that if the intent element were met and the travel actus reus element were met that yes that would meet the definition. What about imagine I see that my I had a quick question about the appeal waiver in this case. Yes your honor. The district court did not detail its terms at all but in fact even worse at sentencing described the context in which the appeal waiver would not apply but didn't describe all of them. Transcript 143. Why is that not a serious problem for an appeal waiver to discuss a couple exceptions but not all of them? So I apologize your honor you referred to the transcript at 143 the sentencing transcript at 143. I think it may be ja143. Well your honor as an initial matter I would note that any misdescription at sentencing wouldn't necessarily affect the validity of appeal waiver that was entered into knowingly intelligently involuntarily during the the plea hearing and during the plea hearing there was not a misdescription. Pleas can still be withdrawn or clarified at sentencing right the terms of it someone what if you said wait a minute I didn't realize that before judge before final judgment is entered no judgment's been entered yet on this plea at this stage. I mean I don't want to make that issue what I want to know is let's assume that I'm right that at least the district court would have the discretion and maybe the duty to revisit the voluntariness of a plea if it's raised prior to entry of judgment and the district court misdescribes the scope of the appeal waiver. Is that a valid appeal waiver? Certainly if the district court misdescribes an appeal waiver at the time that the appeal waiver is being entered this court has found that the appeal waiver is only effective insofar as the court correctly described it or or insofar as the court described it and and so an appeal waiver that was that had misdescribed the contents. Well we have a situation where the district court didn't discuss the terms of it during the plea hearing didn't discuss at all other than the existence of an appeal waiver and then it's sentencing misdescribes its scope. I have not seen this court address a situation where that's occurred. That's why I'm asking you the question. If I knew our answer I wouldn't need to. But again I would point to Lee and in the Lee case they specifically note that there was no description of the the plea waiver at the plea hearing and I believe I could be misremembering the case but I believe there were statements in Lee which indicated that even a misdescription of the sentencing hearing wouldn't be relevant because the the applicable time for determining the knowing and voluntary and intelligentness of the plea waiver would be at the time it was entered. The problem is whether district courts can confuse defendants before final judgment is entered on that plea right no judgment's been entered on that. No final judgment. Correct no judgment has been entered at that point your honor and until following the sentencing hearing. Would seem to be worse when a district court confuses it's either you don't describe it at all or describe it accurately but misdescribing it seems to be the worst of all options correct that's the worst of all those options. Well your honor what I would note is that that's the worst of the three options don't describe accurately describe and misdescribe. Yes your honor misdescription would certainly be worse than failing to describe or accurately describing. But in in this case we didn't just have what happened at the plea hearing we had an allocution with the appellant in which appellant admitted that they had discussed this plea agreement and all of its relevant provisions with their counsel this was an appellant who had gone through and gotten a master's was the court found of high intelligence and so there's no reason to believe on this record and certainly not that appellant has pointed out that the appellant was confused about the terms of the plea waiver the sole argument appellant has made on appeal is that the plea waiver should not be valid because there was ineffective assistance of counsel with respect to the application of the enhancement guideline and and as we've argued there was no ineffective assistance of counsel and that that didn't vitiate the the plea waiver or the validity of it and can you just tell me it because is it standard practice for district courts just to incorporate the standard terms of supervised release by reference or is i don't know what the common practice is your honor i also similarly as i stand here today i'm not aware of the common practice of whether they typically detail them or reference them by reference have you been involved in other cases where they were not detailed like this not that i can i can't specifically recall i don't know that i was focused on that issue in any of the other cases when i was reading the transcripts of various sentencing hearings that i have unless the court has any further questions thank you respectfully request that you affirm the sentence thank you your honor may it please the court i just wanted to address more directly some of the questions that your court may need to readjust the microphone again i'm it's my i think my hearing is getting worse with no it's me i'm sorry um judge walker you asked the question whether or not victim was defined differently in the place else in the guidelines i do not agree with that  i do not agree with that i do not agree with that i do know that the that the travel offense guidelines under 2g do not even use the term victim they use the term minor and they do provide for an enhancement for offenses like miss davis that allow for an eight um additional eight point enhancement for offenses involving a minor under the age of 12 like miss davis's also um judgment you asked about the in u.s versus gullen the justice ginsburg writing for the court emphasize the importance of the court because these waivers are pre-sentencing their anticipatory of the court in fact going through the appeal waiver in rule 11 in and distinguishingly in that instance when the court did not then two things the court said that the plea agreement was crystal clear and here we are presenting a colorable argument for ineffective assistance of counsel because the plea misstated law which miss davis relied upon in relation to the enhancements and her counsel did not correct and in those instances then under both lee and under gullen this court has refused to enforce an appeal waiver in a plea i see my time is about to expire are there any other questions i'm a senator you were appointed by this court to represent miss davis in this appeal and we are grateful to you for your assistance thank you very much thank you for your time you cases submitted
judges: Millett, Rao, Walker